UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 08 285

| | |
|---|---|
| Hiu Lui NG<br>A 73-558-364<br><br>Petitioner,<br><br>-against-<br><br>Michael Chertoff, et al.<br><br>Respondents. | Docket # |

**Motion for Temporary Restraining Order**
**And Preliminary Injunction**
**And Emergency Motion for Expedited Hearing**

Petitioner respectfully moves the Court for a temporary restraining order and for a preliminary injunction to enjoin Defendants from withholding medical diagnosis and treatment and access of counsel. In addition, due to the urgency of Petitioner's medical condition, it is respectfully requested that this Court order an immediate hearing on this Motion for Temporary Restraining Order and Preliminary Injunction.

As grounds for his motion, Petitioner state as follows:

**Procedural History**

1) The present motions are filed in conjunction with Petitioner's Petition for Writ of Habeas Corpus on the ground that Defendants violated Petitioner's constitutional rights in denying him adequate medical diagnosis and treatment, access to counsel, and unlawful detention beyond the statutory removal period.

2) Mr. Ng is being detained pursuant to a removal order entered by an immigration judge in his absence on February 2, 2001. Mr. Ng did not appear at the hearing at that time because he did not receive notice of the hearing.

3) Mr. Ng's wife is a United States citizen and has two citizen children. Mr. Ng's wife filed a petition (Form I-130) on his behalf to classify Mr. Ng as an immediate relative of a U.S. citizen, which allowed Mr. Ng to immediately receive an immigrant visa. The I-130 petition was approved on July 19, 2007.

4) Mr. Ng also applied to adjust his status to that of a lawful permanent resident.

5) Mr. Ng and his wife appeared before an immigration officer for an adjustment of status interview on July 19, 2007.

6) Mr. Ng was arrested at the adjustment interview.

7) Mr. Ng moved to reopen his removal proceedings. The immigration judge denied his motions. Mr. Ng timely appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on October 18, 2007.

8) Mr. Ng appealed to the U.S. Court of Appeals for the Second Circuit. Government's counsel agreed with Mr. Ng's position that he did not receive notice for the hearing and stipulated to remand the case to the BIA for further consideration of Mr. Ng's motions.

9) Pursuant to the parties' stipulation, the Second Circuit remanded the case to the BIA. Mr. Ng's case currently is pending before the BIA.

10) Mr. Ng continued to be detained pending the BIA's decision.

**<u>Denial of Adequate Medical Treatment</u>**

11) Mr. Ng had been in detention at Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, Rhode Island 02863.

12) On or about April 21, 2008, Mr. Ng was transferred to Franklin County Jail located in St. Albans, Vermont.

13) Mr. Ng sustained back injury while he was at the Vermont facility. The pain subsided temporarily. He also experienced some skin irritation problem.

14) In early July 2008, Mr. Ng was transferred back to the Donald Wyatt Detention Facility in Rhode Island.

15) After the transfer, Mr. Ng's back pain began to worsen.

16) From July 7, 2008 to July 11, 2008, Mr. Ng made several requests to see a doctor. He was not seen by any doctor, however, but was only given some pain reliever.

17) Mr. Ng's medical condition did not improve – he continued to have skin irritation and back pain. In fact, his back pain has become so severe that he now cannot stand up straight such that he is permanently in a hunched position. He needs to take frequent rests when he walks. As a result of his pain, he suffers from severe insomnia. Mr. Ng has never exhibited any of the conditions before he was placed in custody, and his family is very concerned about his mental stability.

18) Mr. Ng sustained a leg injury while he was in detention. This injury has not been treated. No medical diagnosis has been performed on Mr. Ng to determine the exact cause of the back pain, e.g. whether his leg injury is linked to his back pain.

19) Mr. Ng initially requested for medical treatment on or about July 7, 2008. Mr. Ng medically treated (except given some painkiller by a nurse) until about July 11, 2008, when Mr. Ng's relative wrote to the warden of the detention center.

20) On or about July 14, 2008, Mr. Ng was finally seen by a doctor and was given analgesics, muscle relaxers, and anti-inflammatory agents. Mr. Ng's condition, however, did not improve. Also, no effort was made to determine the cause of Mr. Ng's back pain, and no other diagnosis or medical treatment was given.

21) Recently, Mr. Ng's back pain has become so acute that he cannot walk without a cane. For an extended period of time, Mr. Ng was assigned the upper bunk bed, and climbing up and down the bed (at least three times a day for headcounts) caused him excruciating pain. Mr. Ng later was given a cane and was moved to a lower bunk bed. However, the back pain persists.

22) Mr. Ng was required to personally walk to a counter and wait in line to obtain his medication. Because Mr. Ng cannot stand up or walk for an extended period of time, he has not been able to obtain his medication.

23) A request was made that medication be delivered to Mr. Ng's cell; that request was denied.

24) Mr. Ng has been having difficulty to even walk to the telephone booth to call his family. For over two weeks, Mr. Ng has had to rely on other Chinese detainees at the detention center to call home on his behalf.

25) Mr. Ng's condition has worsened to such a point where he is having problem using the bathroom, which is located within his cell, only feet away from his bed.

26) Recently, Mr. Ng's right leg has become swollen and is losing sensation. His condition has severely limited his physical movement. Although Mr. Ng made several requests to see a doctor and be granted a wheelchair, his requests have not been met.

**Denial of Access to Counsel**

27) On July 26, 2008, Petitioner's counsel, Andy Wong, traveled to the detention facility to talk to Mr. Ng. Mr. Ng, however, could not even walk from his cell to the visitation area. He therefore requested a wheelchair. He was denied a wheelchair or any other assistance.

28) According to a correctional officer, Mr. Ng was medically cleared to walk and was given a cane. The facility insisted that Mr. Ng walk to the visitation area.

29) The attorney requested that he be permitted to go to Mr. Ng's cell to talk to him; that request was denied.

30) The attorney requested to talk to Mr. Ng on the phone, using a telephone booth closer to Mr. Ng's cell; that request was denied.

31) The attorney requested that some documents be delivered to Mr. Ng for his signature; that request was denied.

32) Since Mr. Ng could not walk to the visitation area, the meeting had to be called off. The attorney was unable to see or talk to Mr. Ng.

**Legal Standard and Analysis**

33) A plaintiff must satisfy four criteria in order to be entitled to injunctive relief. The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the

merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981) quoting, *Women's Community Health Ctr., Inc. v. Cohen*, 477 F. Supp. 542, 544 (D.Me.1979).

34) Here, Mr. Ng certainly will suffer irreparable harm if the detention facility continues to unlawfully withhold adequate medical diagnosis and treatment. His symptoms suggest that Mr. Ng might have sustained a spinal injury. If Mr. Ng does not receive immediate medical attention, he may suffer from permanent injuries.

35) Mr. Ng has been denied his right to receive assistance of counsel because the detention facility has refused to provide accommodation to assist Mr. Ng to travel to the visitation area.

36) The harm suffered by and will be suffered by Mr. Ng clearly outweighs harm, if any, suffered by Defendants.

37) The facts of this case clearly indicate that Mr. Ng has been denied adequate medical treatment and his right to the assistance of counsel. Furthermore, since he has been kept in detention well beyond the statutory removal period, he will most likely prevail on his petition for writ of habeas corpus.

38) Mr. Ng has not been convicted of any crime and is not dangerous to the society by any standard. In fact, Mr. Ng is the husband of a U.S. citizen and the father of two U.S. citizen children. He is the beneficiary of an approved petition for immigrant visa, which will grant him legal status in the United States. He has worked hard to show that he is a valuable and responsible member of the American society.

39) There is no indication that the public interest will be adversely affected by giving Mr. Ng adequate medical treatment and assistance of counsel.

**Conclusion**

For the foregoing reasons, it is respectfully requested that the Court to:

I. Restrain Defendants from withholding of medical treatment;

II. Order Defendants to immediately provide Mr. Ng with adequate medical diagnosis and treatment, including the provision of wheelchair, delivery of medication to his cell, and evaluation of Mr. Ng's medical condition by a neutral and competent medical professional;

III. Order Defendants to immediately provide Mr. Ng or his counsel with Mr. Ng's medical record;

IV. Restrain Defendants from preventing access by legal counsel;

V. Order Defendants to provide accommodation for Mr. Ng to move from his cell to the visitation area upon request by counsel or his relatives.

RESPECTFULLY submitted this 29th day of July, 2008.

Joshua Basdavid
401 Broadway #22h
New York, NY
(212) 219-3244

Randy Olen, Esq.
55 Bradford Street, Suite 203
Providence, RI 20903
(401) 274-1400
(401) 274-2480 (fax)